**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

       Plaintiff,

                                            Case No. 3:16-cv-369-J-34MCR

vs.

STAZAC MANAGEMENT, INC., et al.,

       Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 41; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 31, 2017. In the Report, Magistrate Judge Richardson recommends that Defendants, Stazac Management, Inc., Lauren E. Carr, and Ronald L. Carr's Motion to Dismiss and in the Alternative, Motion to Stay Pending Disposition of State Court Actions and Incorporated Memorandum of Law (Doc. 25; Motion) be granted, in part, and denied, in part. See Report at 22. Specifically, the Magistrate Judge recommends that the Court grant the Motion to the extent Defendants seek a stay as to Counts II and III of the Complaint for Declaratory Judgment (Doc. 1; Complaint) pending resolution of underlying actions. See Report at 22. The Magistrate Judge recommends denying the Motion in all other respects. Id. On February 14, 2017, Defendants Stazac Management, Inc., Lauren E. Carr, and Ronald L. Carr (the Stazac Defendants) filed objections to the Report. See Defendants, Stazac Management, Inc., Lauren E. Carr, and Ronald L. Carr's Objection to Report and Recommendation and Incorporated Memorandum of Law (Doc. 42;

Objections). Plaintiff Philadelphia Indemnity Insurance Company (PIIC) responded in opposition to the Objections on February 22, 2017. See Plaintiff's Response in Opposition to the Objection to the Magistrate's Report and Recommendation of Defendants' Stazac Management, Inc., Lauren E. Carr and Ronald L. Carr and Incorporated Memorandum of Law (Doc. 44; Response). Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

This case arises out of a coverage dispute concerning a professional liability insurance policy, see Complaint, Ex. A (the Policy), issued by PIIC to Stazac Management, Inc. See generally Complaint. In Count I of the Complaint, PIIC seeks a declaratory judgment that it has no duty to defend the Stazac Defendants on the claims made against the Stazac Defendants by Stonehurst Plantation Master Association, Inc., Greenland Chase Homeowner's Association, Inc., and Amelia View Homeowners Association, Inc. (the HOA Claims).[1] See Complaint at 11-12. In Counts II and III of the Complaint, PIIC

---

[1] According to the allegations in the Complaint, both Stonehurst Plantation Master Association, Inc. and Greenland Chase Homeowner's Association, Inc. have filed lawsuits in state court against the Stazac Defendants. See Complaint ¶¶ 6-7, Exs. B-C. However, the lawsuit filed by Stonehurst was dismissed and referred to alternative dispute resolution. Id. ¶ 27. As of May 25, 2016, when it filed its Answer in this case, Amelia View Homeowners Association, Inc. had not yet filed a lawsuit against the Stazac Defendants, but had sent a demand letter to PIIC in an effort to settle its dispute with the Stazac Defendants. See Answer

seeks a declaratory judgment that it has no duty to indemnify the Stazac Defendants as to the HOA Claims as well. Id. at 12-15. Because the Magistrate Judge summarizes the allegations of the Complaint in his Report, including the Policy provisions at issue and the nature of the HOA Claims, the Court will not repeat the factual background of this case here. See Report at 2-10. Indeed, the Stazac Defendants do not appear to dispute the Magistrate Judge's factual findings. Rather, in their Objections, the Stazac Defendants object to the Magistrate Judge's recommendation that the Court deny the Stazac Defendants' request for dismissal of Count I. See Objections at 2. Specifically, the Stazac Defendants contend that Magistrate Judge Richardson erred in that "Count I of the Complaint should be dismissed because it fails to allege an actual controversy." Id. The Stazac Defendants argue that there is no actual controversy because the language of the Policy requires PIIC to defend Stazac against the HOA Claims. PIIC responds that the Stazac Defendants' arguments in support of dismissal do not show the absence of an actual controversy, but rather go to the merits of the parties' dispute. See Response at 5. As such, PIIC maintains that these arguments are procedurally improper at this stage of the proceedings, and were correctly rejected by the Magistrate Judge for that reason. See id. at 4-8. Notably, PIIC does not object to the Magistrate Judge's recommendation that the Court stay consideration of Counts II and III until the underlying actions are resolved, and asserts that the Court should adopt the Report in its entirety. See Response at 2-3, 8.

Upon independent review of the file and for the reasons stated in Judge Richardson's Report, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Specifically, the Court will

---

and Affirmative Defenses to Complaint for Declaratory Judgment of Defendant, Amelia View Homeowners Association, Inc. (Doc. 31; Answer) at 1, 7-8.

3

adopt the Magistrate Judge's recommendation that the Court should exercise its discretion to allow this declaratory judgment action to proceed, id. at 12-15, but defer consideration of PIIC's duty to indemnify until the underlying actions are resolved. Id. at 22.  In addition, the Court will adopt Judge Richardson's finding that the Stazac Defendants' arguments as to the duty to defend are premature and improper at this stage of the proceedings. See Report at 15-19.[2]  Rather than demonstrate the lack of an actual controversy between the parties, the Stazac Defendants' arguments highlight that there is a bona fide dispute at issue here, namely, the interpretation of the Policy and its application to the HOA Claims.  Essentially, the Stazac Defendants argue that Count I should be dismissed because their interpretation of the Policy is the correct one.  See Objections at 3.  While the Court expresses no opinion on whether the Stazac Defendants may ultimately prevail on this issue, because they are seeking a ruling on the merits of the dispute, their arguments are premature at the motion to dismiss stage of the proceedings.  See Wells Pharmacy Network, LLC v. Regulatory Compliance Assocs. Inc., Case No. 5:16-cv-319-Oc-37PRL, 2016 WL 6106746, at *6 (M.D. Fla. Sept. 28, 2016) (citing Nielson Golden Crab Fishery v. Butterworth, No. 10-61091-CIV, 2011 WL 3293357, at *2 (S.D. Fla. Aug. 1, 2011)); see also Feldkamp v. Long Bay Partners, LLC, No. 2:09-cv-253-FtM-29SPC, 2010 WL 3610452, at *4 (M.D. Fla. Sept. 14, 2010) ("As in state court, '[a] motion to dismiss a complaint for declaratory judgment is not a motion on the merits.  Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor.'" (quoting Royal Selections, Inc. v. Fla. Dep't of

---

[2] Because the Court finds the Motion is due to be denied as to Count I on this basis, the Court need not consider, and therefore declines to adopt, the portion of the Report addressing the merits of whether PIIC has a duty to defend the Stazac Defendants against the HOA Claims. See Report at 19-21.

4

Revenue, 687 So. 2d 893, 894 (Fla. 4th Dist. Ct. App. 1997))); cf. Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co., 280 F.2d 453, 457-60 (5th Cir. 1960) (finding dismissal for failure to state a claim warranted on insurer's declaratory judgment action regarding duty to defend where insurer did not dispute that claims were covered under the policy).[3]

The Magistrate Judge carefully considered the foregoing arguments, among others, reviewed the applicable law, and determined that the Stazac Defendants' contentions were unavailing. The Court concludes that Judge Richardson's recommended resolution of the Motion results from a correct application of the appropriate legal framework and an accurate assessment of the relevant record. While the Stazac Defendants disagree with Judge Richardson's conclusions, they have failed to show them to be legally or factually incorrect. In addition, as PIIC does not object to the recommendation that the Court stay Counts II and III of the Complaint, see Response at 2-3, the Court will adopt the Magistrate Judge's recommendation in that regard as well. As such, the Court concludes that the Motion to Dismiss is due to be denied, in part, and granted, in part. In light of the foregoing, it is

---

[3] The Stazac Defendants argue in the alternative that the Court should stay Count I pending resolution of the underlying actions. See Objections at 3. The Stazac Defendants maintain that a stay is warranted "for the same reasons" that support a stay regarding consideration of the duty to indemnify. Id. However, unlike the duty to indemnify, resolution of the parties' dispute regarding the duty to defend is not dependent on the outcome of the underlying actions. See Woodruff & Sons, Inc. v. Central Mut. Ins. Co., No. 8:12-cv-181-T-24-MAP, 2012 WL 695667, at *1-2 (M.D. Fla. Mar. 5, 2012). To the extent the Stazac Defendants contend that resolving these matters separately may lead to inconsistent results such that they could incur defense costs which "may ultimately be covered by their policy of insurance," see Objections at 3, the Stazac Defendants fail to cite any authority in support of this argument and the Court finds it to be entirely without merit. See, e.g., Woodruff & Sons, Inc., 2012 WL 695667, at *2 ("If it is determined that [the insurer] has no duty to defend [the insured], there would be no corresponding duty to indemnify.").

**ORDERED**:

1. Defendants, Stazac Management, Inc., Lauren E. Carr, and Ronald L. Carr's Objection to Report and Recommendation and Incorporated Memorandum of Law (Doc. 42) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 41) is **ADOPTED** as the opinion of the Court to the extent set forth above.[4]

3. Defendants, Stazac Management, Inc., Lauren E. Carr, and Ronald L. Carr's Motion to Dismiss and in the Alternative, Motion to Stay Pending Disposition of State Court Actions and Incorporated Memorandum of Law (Doc. 25) is **GRANTED, in part, and DENIED, in part**.

   A. The Motion is **GRANTED** to the extent that Counts II and III of the Complaint are **STAYED** pending resolution of the underlying actions.

   B. In all other respects, the Motion is **DENIED**.

4. Defendants Stazac Management, Inc., Lauren E. Carr, and Ronald L. Carr shall respond to Count I of the Complaint within the time permitted by Rule 12(a)(4)(A), Federal Rules of Civil Procedure.

5. In light of the Court's resolution of the Motion to Dismiss, the parties shall confer and file an amended case management report on or before **April 12, 2017**.

---

[4] For the reasons stated, at this stage of the proceeding, the Court declines to adopt the alternative discussion of the merits of the duty to defend dispute set forth on pages 19-21 of the Report.

6. The parties are directed to file a status report with this Court on **June 12, 2017**, and every **90 days thereafter**, advising the Court of the status of the underlying actions.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of March, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties